UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON LEMONTE APPLEWHITE,

    Petitioner,                                     Civil Action No. 09-CV-11236

vs.                                               HON. BERNARD A. FRIEDMAN

WARDEN DEBRA SCOTT,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S
## MOTION FOR AN EVIDENTIARY HEARING

This matter is presently before the court on petitioner's motion for an evidentiary hearing. Respondent has filed the Rule 5 materials and a response in opposition.

On September 1, 2006, petitioner pled guilty to (1) being a felon in possession of a firearm, in violation of M.C.L. § 750.224f; (2) carrying or possessing a firearm during the commission or attempted commission of a felony, in violation of M.C.L. § 750.227b; and (3) domestic violence, in violation of M.C.L. § 750.81(2). On November 9, 2006, petitioner was sentenced to prison terms of 3 to 120 months on the first charge, 24 months on the second charge, and 91 days on the third charge. The first and third sentences were ordered to run concurrently; the second sentence was ordered to run consecutively to the others.

The factual basis for the charges was established at the preliminary examination, which was held on April 17, 2006. The transcript of this hearing is among the Rule 5 materials filed by respondent [docket entry 7]. The only witness was petitioner's wife, Arlene Applewhite. She testified that on March 20, 2006, she and petitioner were at home having an argument (Tr. 6). Ms. Applewhite opened a dresser drawer and discovered a black handgun (Tr. 7). Petitioner "got up and

looked and he saw it, he took it out and he set it on the top of the headboard . . . and when he set it up there we continued to argue" (Tr. 7-8). Ms. Applewhite locked herself in her daughter's bedroom, intending to make a telephone call (Tr. 8-9). While petitioner was prying the door open with a butter knife, Ms. Applewhite called 911 (Tr. 9). Petitioner entered the room, grabbed her by the right arm, thereby causing "no marks" but some "redness," and took the telephone away from her and placed it in another room (Tr. 10-11). The police officer who responded to the 911 call found the gun in the ceiling of her and petitioner's bedroom closet (Tr. 17).

At the plea hearing, the court advised petitioner of the charges and the maximum potential sentences that might be imposed on each one (Tr. 4-5). Petitioner acknowledged he was a convicted felon (Tr. 5). Petitioner was informed of his rights (right to court-appointed counsel, right to trial, right to be presumed innocent, right to be proven guilty beyond a reasonable doubt, right to confront and cross-examine witnesses, right to testify or not as he chooses) as well as of the consequences of pleading guilty (waiver of rights, appeal only by leave, plea constitutes conviction) and he indicated he understood (Tr. 6-8). Petitioner indicated that he had not been threatened to plead guilty and that he was doing so voluntarily (Tr. 8). Petitioner admitted that on March 20, 2006, he possessed or carried a firearm and that he assaulted or battered his wife (Tr. 8-9). The court found the plea to be freely, voluntarily and intelligently made (Tr. 9).

At the sentencing hearing, the following colloquy occurred between petitioner and the court:

> THE DEFENDANT: . . . I don't know what to do. I haven't really done nothing. Mr. Sailler, he's done the best I believe that he could. I don't want to go to jail. If I'm going to jail for two years – I mean, my family, they done the best they could to help me. I don't want to go to jail for two – ten years subject to going to jail for two years. If you're going to sentence me to go to jail for two years . . . then so be

>it. I don't want my family to end up spending more and more money. You understand what I'm saying. I was going to try to withdraw my plea today, you–
>
>\* \* \*
>
>THE COURT: And who is going to help you do that? Who is your attorney right now?
>
>MR. SAILLER: I believe I am the attorney of record.
>
>THE DEFENDANT: He is of record, but if it's going to end up costing tens of thousands and thousands of dollars, my family can't afford it. And I'm locked up. I can't go to work. I was going to try to get out on work release, and I don't know what to do. I don't know what to do. If I can't get work release – if I can get work release, I could pay these attorneys –
>
>THE COURT: On a Felony Firearm, you don't get work release because that's a mandatory prison sentence.
>
>THE DEFENDANT: So, then it's best to go and get it over with, basically.
>
>THE COURT: Unless you talk to your attorney and someone's got a legitimate legal basis for withdrawing the plea, I'm ready to sentence today, yes.
>
>THE DEFENDANT: Then let – get it over with, get it over with. I say get it over with.

(Tr. 3-5.)

Through new counsel, petitioner then filed a "motion to permit withdrawal of plea" and a "motion for remand" requesting an evidentiary hearing on the effectiveness of his trial counsel. The trial judge denied both motions without explanation. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, raising the following three issues: (1) "should the circuit court have allowed defendant to withdraw his plea prior to his sentencing?"; (2) "should the case be remanded for an evidentiary hearing to determine whether or

not defendant received effective assistance of counsel?; and (3) "did the defendant receive ineffective assistance of counsel at sentencing?" The Michigan Court of Appeals denied the application "because we are not persuaded that the questions presented should be reviewed by this Court." Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the same three issues. The Michigan Supreme Court denied the application "for lack of merit in the grounds presented."

> The instant petition raises the following issues:
>
> THE STATE COURT ACTED UNREASONABLY IN SUMMARILY DENYING (WITHOUT A HEARING) THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE THE PETITIONER ALLEGED THAT HIS STATE APPELLATE ATTORNEY TOLD HIM THAT HE WAS ENTITLED TO WORK RELEASE AND WORK RELEASE WAS NOT AVAILABLE FOR A FELON-FIREARM CONVICTION. PETITIONER WAS ALSO DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN THE PLEA PROCEEDINGS WHERE COUNSEL PRESSURED THE PETITIONER TO TAKE THE PLEA STATING THAT THE COURT WOULD RETALIATE AGAINST HIM IF HE WENT TO TRIAL.

Pet. at 19. Petitioner argues that his trial counsel, Kendall Sailler, was ineffective because he

- failed to present evidence that the gun found in the closet belonged to petitioner's wife and that petitioner did not know of the gun's existence, and that another gun found in the house was an inoperable, 1800s-era antique;

- intimidated petitioner into pleading guilty by telling him the prosecutor and the court would treat him more harshly, and that petitioner would receive a 10-year prison sentence, if he did not plead guilty;

- told petitioner that if he pled guilty, he would be able to keep his job at Chrysler because he could receive work-release and "just go to lock-up on the weekends";

- failed to explain any of the consequences of pleading guilty;

- failed to inform petitioner that the felony-firearm charge carried a mandatory 24-month prison term, that work-release was therefore not possible in petitioner's case, and that the 24-month prison term would have to be served consecutively to whatever term the court imposed on the other charges;

- failed to inform petitioner that the court would appoint counsel for him if he wanted to proceed to trial and could not afford to continue retaining Sailler for this purpose; and

- failed to negotiate a reduced sentence and advised petitioner to plead guilty as charged to all counts without the benefit of any negotiations with the prosecutor.

Petitioner argues that he would not have pled guilty if he had known that he was ineligible for work-release. Petitioner also argues he would have sought to withdraw his plea if he had been aware that he was ineligible for work-release and that he was entitled to the services of appointed counsel to pursue that avenue of redress. For relief, petitioner requests that the court hold an evidentiary hearing on the ineffective assistance of counsel claim and that the court grant the petition.

Respondent argues that the petition should be denied because all of petitioner's claims are refuted by the record. Respondent notes that petitioner indicated at the plea hearing that he understood all of his rights and that he waived them freely and voluntarily. Respondent also notes that petitioner indicated at the plea hearing that he was satisfied with his attorney's advice. Respondent also opposes petitioner's request for an evidentiary hearing for the same reasons.

Petitioner's request for an evidentiary hearing is governed by the following statutory provision:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--

5

> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254. Further, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*,

550 U.S. 465, 474 (2007).

In the present case, the court shall grant petitioner's motion for an evidentiary hearing. The state court record on the ineffective assistance of counsel claim has not been developed. Petitioner presented his request for such a hearing to the trial court, as well as the state appellate courts, but this request was summarily and without explanation denied on each occasion. Since the absence of a state court record on this issue is not due to any lack of diligence on petitioner's part, petitioner is not precluded by § 2254(e)(2) from requesting that this court permit him to develop such a record now. Additionally, if petitioner develops the record in a manner consistent with his allegations, summarized above, he may well be entitled to issuance of the writ. Habeas relief is available to a petitioner who demonstrates that he would not have pled guilty but for counsel's deficient performance. *See, e.g., Hill v. Lockhart*, 474 U.S. 52 (1985); *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Claybron v. Stovall*, 2007 WL 551599, at *6 (E.D. Mich. Feb.

6

20, 2007) ("a voluntary guilty plea waives all claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"). Accordingly,

IT IS ORDERED that petitioner's motion for an evidentiary hearing is granted. Counsel shall appear for a conference with the court on Tuesday, February 15, 2011, at 2:30 p.m. to discuss the scheduling of the hearing and the witnesses they intend to call.

S/Bernard A. Friedman\_\_\_\_\_
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 14, 2011
      Detroit, Michigan

7